IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THE ADVANTAGE OF ADVERTISING, LLC, ) ) ) Plaintiff, ) ) v. ) ) ) CITY OF OPELIKA, ALABAMA, ) ) Defendant. ) | Case No. 3:21-cv-597-RAH-JTA [WO] |

**<u>MEMORANDUM OPINION AND ORDER</u>**

"Like thousands of jurisdictions around the country," the City of Opelika, Alabama, "regulates signs that advertise things that are not located on the same premises as the sign, as well as signs that direct people to offsite locations." *City of Austin, Texas v. Reagan Nat'l Advert. of Austin, LLC*, 142 S. Ct. 1464, 1469, 212 L. Ed. 2d 418 (2022). These are known as "off-site signs" and include billboards like those advertising fast-food restaurants one might see while traveling down the interstate on a weekend getaway. These "off-site signs" are a staple of the sign industry.

One purveyor of off-site signs is the Plaintiff, The Advantage of Advertising, LLC (Advantage). Advantage filed this action after the City denied six sign applications submitted by Advantage. Advantage alleges that the City's sign

1

regulations, both facially and as applied, violated Advantage's protections under the First and Fourteenth Amendments of the United States Constitution, and the Alabama Constitution of 1901. But other than alleging that its sign applications were denied, Advantage's Complaint does not allege what type of sign each application sought—that is, off-site or on-site—nor does it allege why each application was denied, leaving the Court to guess at the nature of Advantage's sign applications and why Advantage believes its applications were wrongfully denied.

In its motion to dismiss, the City argues that the Court should dismiss this action because (1) Advantage lacks standing to challenge the regulations referenced in its Complaint and (2) Advantage has failed to state a claim upon which relief can be granted. After allowing jurisdictional discovery, and for the reasons that follow, the Court concludes that the City's motion is due to be GRANTED and this action DISMISSED without prejudice.

## BACKGROUND

### A. The Sign Regulations

Under its city zoning ordinance, the City of Opelika adopted extensive sign regulations to "promote the public health, safety and general welfare of the general public" and "to address the secondary effects [of signs] that may adversely impact aesthetics and safety."

Like many other jurisdictions, the City's regulations require permits before a permanent sign can be erected. A permit application must include information such as the type of sign, location, dimensions, elevation, zoning district, and luminosity, among others. Once an application is submitted, approval or denial must be made within thirty days, but if a decision is not timely made, the application is deemed denied and the applicant can lodge a request for an explanation that must be answered in writing by the City within fourteen days. Finally, an aggrieved applicant "shall have the right to seek judicial review by . . . [a] court of competent jurisdiction."

Under the City's regulations, certain types of signs are not permitted, including off-site commercial signs, freestanding signs that are higher than thirty feet, and freestanding signs that exceed 300 square feet in sign area. The regulations draw a distinction between commercial off-site and on-site signs: the former is prohibited; the latter is permitted. And generally, as to content, the sign regulations provide that "no sign or sign structure shall be subject to any limitation based upon the viewpoint of the message contained on such sign or displayed on such sign structure." And as to signs that carry government-related messages, such signs generally are excused from compliance with the regulations.

**B. Advantage's Permit Applications**

According to the Complaint, Advantage submitted six sign applications to the City. Advantage alleges that each application was "fully completed" and included documentation showing that Advantage had landowner permission to erect the requested sign, the location of the proposed sign, as well as engineered drawings showing the "manner of construction and design of the sign." Notably, however, Advantage does not allege what type of signs it sought (billboard, off-site/on-site, freestanding, temporary or permanent, etc.) nor does it attach a copy of the applications to the Complaint.

Advantage further asserts that after reviewing its six applications, the City denied all six applications "for various reasons," but the Complaint does not specify what those reasons were. Advantage appealed the denials, which were affirmed by the City after a hearing. Advantage did not seek judicial review of these denials; instead, it brought this suit claiming constitutional violations.

## STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits dismissal of an action for lack of subject-matter jurisdiction. A defendant may use this rule to attack the Court's subject-matter jurisdiction in two ways: facially and factually. *See Murphy v. Sec'y, United States Dep't of the Army*, 769 F. App'x 779, 781 (11th Cir. 2019). In a facial attack, the Court merely looks to the complaint to see whether the plaintiff has sufficiently alleged a basis for subject-matter jurisdiction. *Murphy*, 769

F. App'x at 781 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.3d 507, 511 (5th Cir. 1980)). When ruling on a Rule 12(b)(1) motion asserting a "factual attack" on jurisdiction, the Court may consider "matters outside the pleadings, such as testimony and affidavits[.]" *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In such instances, the Court is "not constrained to view [the facts] in the light most favorable" to the plaintiff. *Carmichael v. Kellogg, Brown & Root Servs.*, 572 F.3d 1271, 1279 (11th Cir. 2009); *see also Murphy*, 769 F. Appx at 781.

## DISCUSSION

Among its many arguments, the City has moved for dismissal under Fed. R. Civ. P. 12(b)(1), facially attacking Advantage's Article III standing to confer subject-matter jurisdiction upon this Court over the two federal claims.[1] Specifically, the City takes umbrage with the Complaint's treatment of causation and redressability. As the City argues, Advantage "failed to allege a causal connection between its as-applied challenges to the on-site/off-site commercial speech distinction or the government sign exemption; specifically, Advantage did not sufficiently allege how a decision in its favor on these provisions would redress its injuries."

---

[1] The Complaint also brings a claim alleging a violation of the Alabama Constitution of 1901. Because the Court lacks subject matter jurisdiction over the federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state-law claim. Accordingly, Count III of the Complaint will be dismissed also.

On this point, the City highlights that Advantage does not allege in its Complaint that it had applied for an off-site billboard, or specify exactly what type of billboard it was applying for, nor does it allege that its applications were denied *because of* any specific provision in the sign regulations, let alone because of the specific provisions challenged in this suit. Because the Complaint lacks allegations connecting the challenged regulations to Advantage's injury, the City contends that Advantage's Complaint facially lacks causal standing.[2]

To establish standing, a plaintiff must show: (1) an injury-in-fact, (2) that the defendant's alleged unlawful conduct caused the injury, and (3) that a favorable judicial decision on the challenged conduct would redress the injury. *Sierra v. City of Hallandale Beach, Fl.*, 996 F.3d 1110, 1113 (11th Cir. 2021) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992)); *Granite State Outdoor Advert., Inc. v. City of Clearwater, Fla*., 351 F.3d 1112, 1116 (11th Cir. 2003).

Advantage argues that because it applied for a sign permit (whichever type of permit) and because that application was denied (for whatever reason), the mere denial itself gives Advantage *carte blanche* to challenge any and all provisions of

---

[2] The City also lodges a factual attack to standing, but the Court need not analyze this attack because it concludes that the face of Advantage's Complaint, even when the allegations are taken as true, does not establish standing.

the City's sign regulations, even those provisions that may have absolutely nothing to do with Advantage's applications or their subsequent denials.

Advantage is incorrect. The totality of the relevant factual allegations boils down to this: (1) Advantage applied for six sign permits, sign type unknown; (2) those permits were denied for various reasons that Advantage does not specify; (3) Advantage appealed to the City; (4) Advantage lost its appeals to the City on all six applications; and (5) Advantage did not seek state judicial review. These bare factual allegations do not suggest that the challenged provisions of the sign regulations caused Advantage's injuries, or that the Court could enter an order that would redress those injuries. *See, e.g., Maverick Media Grp., Inc. v. Hillsborough Cty., Fla.*, 528 F.3d 817, 822 (11th Cir. 2008) ("[The Plaintiff] may challenge only those provisions of the ordinance under which it suffered an injury in fact. The Magistrate determined that [the Plaintiff] did not suffer injury under the permitted sign provisions of the ordinance because [the Plaintiff] did not apply for such signs."); *Granite State*, 351 F.3d at 1117 (finding appellant lacked standing to challenge the provisions of the sign ordinance that did not cause it injury). These allegations completely fail to connect Advantage's injury (the application denials) to the challenged regulatory provisions. For example, Advantage does not allege that the City denied its applications because of the off-site billboard prohibition. Advantage does not even allege that it applied for a sign that would fall into the off-

7

site sign regulation itself.³  Rather, Advantage *only* alleges that it applied for six sign permits and that those applications were denied "for various reasons."

For all the Court knows, based on the Complaint, Advantage applied for an on-site sign permit that was denied because the proposed sign was 1,000 feet tall—which would obviously not implicate any of the sign regulations that Advantage is challenging. *See Roma Outdoor Creations, Inc. v. City of Cumming, Ga.*, 599 F. Supp. 2d 1332, 1339 (N.D. Ga. 2009) (citing *Granite State*, 351 F.3d at 1114); *see also New S. Media Grp., LLC v. City of Huntsville, Alabama*, No. 5:20-CV-2050-LCB, 2021 WL 5822133, at *12 (N.D. Ala. Oct. 1, 2021) ("In billboard litigation, a plaintiff only has standing to challenge the provisions of a law which caused its injury or provisions of the law which will (or would have) imminently caused such injury."). Simply put, the factual allegations in the Complaint do not show that the challenged regulatory provisions caused any injury to Advantage, or that an order from this Court would be likely to redress that injury. ⁴

---

³ The off-site/on-site regulatory distinction was recently addressed by the Supreme Court in *City of Austin, Texas v. Reagan Nat'l Advert. of Austin, LLC*, 142 S. Ct. 1464, 1469, 212 L. Ed. 2d 418 (2022) (noting that billboards have been regulated for years and holding that an off-site sign prohibition is not "content-based" regulation of speech and therefore not entitled to strict scrutiny).

⁴ Advantage's briefing implicitly recognizes this outcome. In its response to the City's Motion to Dismiss, Advantage writes that it has met the causation element of standing "because the permit applications were denied under the provision that prohibits billboards of off-site signs." (Doc. 38 at 13.) While Advantage writes in its brief that the applications were denied because of the off-site sign prohibition, that allegation is not in the Complaint. And on a facial challenge to standing under 12(b)(1), the Court is bound to only those factual allegations that are pleaded in the operative Complaint. At minimum, the new factual allegations made in Advantage's briefing indicates that Advantage understands the deficiency in its Complaint.

Accordingly, Advantage's as-applied and facial constitutional challenges in Counts I and II of the Complaint are due to be dismissed without prejudice for lack of standing.[5]

## CONCLUSION

Accordingly, it is ORDERED as follows:

(1) The City of Opelika's Motion to Dismiss (Doc. 10) is GRANTED.

(2) Plaintiff The Advantage of Advertising, LLC's Complaint (Doc. 1) is DISMISSED without prejudice

DONE, on this the 10th day of August 2022.

        /s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

[5] It very well may be that a second go at drafting the Complaint will resolve the Complaint's facial standing issues, but that is a discussion for another day, if at all.